UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL VERRETT, ET AL.

CIVIL ACTION

VERSUS

NO. 13-188-JJB

STATE OF LOUISIANA, ET AL.

## RULING ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on a partial motion to dismiss by Defendants, State of Louisiana through the Department of Public Safety and Corrections, Lieutenant Buzzy Trahan, Lieutenant Chuck McNeal, Sergeant Randolph Revels, and Colonel Michael D. Edmondson. (Doc. 3). Plaintiffs Michael Verrett and Melissa Verrett have filed an opposition (Doc. 11). Plaintiffs have also filed a motion to set this matter for oral argument, which is not necessary. (Doc. 12). For the reasons herein, the Court GRANTS Defendants' Motion (Doc. 3) and DENIES Plaintiff's Motion to Set Hearing. (Doc. 12).

The following facts are taken from the complaint (Doc. 1) and are accepted as true for the purposes of this motion. *See Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012). On November 18, 2011, Michael Verrett ("Verrett"), a retired Baton Rouge Police Officer, and three of his co-workers left their offices at the Office of Motor Vehicles on the Louisiana State Police Headquarters compound when they encountered a "dark unmarked four door vehicle," which was operated by defendant Lieutenant Buzzy Trahan ("Trahan"). (Doc. 1, ¶ 3). Trahan's vehicle did not proceed through the intersection and Bruce Ellis, the driver of the vehicle in which Verrett was a passenger, sounded his horn twice but Trahan did not move. Verrett exited his vehicle and approached Trahan's vehicle to determine whether there was "a problem with the vehicle and/or if the driver was lost." (*Id.*, ¶ 5). Verrett "called out to determine if the driver of

1

the vehicle was lost," but the vehicle turned right onto the boulevard and parked on the shoulder. (*Id.*).

Trahan exited his vehicle and started walking "aggressively" towards Verrett and asking repeatedly "what is your problem!" (*Id.*, ¶ 6). When Trahan reached Verrett, Verrett informed him that he was a retired police officer and that the proper driving technique was to yield and then merge. Trahan allegedly continued to shout at Verrett and when Verrett attempted to return to his vehicle in which he had been a passenger, Trahan accused Verrett of bumping into him. Trahan "grabbed [Verrett's] left shoulder and a struggle ensued." (*Id.*, ¶ 8). Trahan informed Verrett that he was a police officer and that Verrett was under arrest.

At some point, two plain clothes officers, Lieutenant Chuck McNeal ("McNeal") and Sergeant Randolph Revels ("Revels") arrived on the scene. Trahan, McNeal, and Revels kicked Verrett's legs and smashed his face into the ground, causing Verrett to sustain personal injuries and property damages. Verrett has asserted claims of excessive force, conspiracy to commit to interfere with civil rights, deliberate indifference, supervisory liability, failure to train and supervise, and negligent hiring. Verrett has also asserted violations of parallel civil rights provisions under the Louisiana State Constitution as well as state law claims for assault, battery, false arrest, negligence, and false imprisonment. Defendants seek to dismiss four (4) claims pursuant to Federal Rule of Evidence 12(b)(6). The claims defendants seek to dismiss are (1) conspiracy under 42 U.S.C. §§ 1985 and 1986; (2) violation of equal protection; (3) failure to train and supervise; and (4) supervisory liability.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing the complaint, the court must accept all well-pleaded facts in the complaint as true.

2

*C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Conspiracy Claims Under 42 U.S.C. §§ 1985 and 1986*

Defendants argue that the plaintiffs have failed to state a claim against the Department of Public Safety and Corrections ("DPS&C"), Trahan, McNeal, Revels, and Colonel Michael D. Edmondson ("Edmonson") under 42 U.S.C. §§ 1985 and 1986. The Court is inclined to agree because there are no factual allegations in the complaint to support such claims. There are no facts to indicate that the defendants entered into a conspiracy against the plaintiffs pursuant to 42 U.S.C. § 1985. Because there are no facts to support a viable Section 1985 claim, a Section 1986 claim must also fail. *See Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (explaining that because the plaintiff had failed to "demonstrate a claim under § 1985, by definition [he] cannot sustain a claim under § 1986."). Thus, the Court will dismiss any claims under 42 U.S.C. §§ 1985 and 1986.

*Equal Protection*

Defendants argue that the plaintiffs have failed to state an equal protection claim and that the plaintiffs allege that the defendants denied them equal rights, privileges and immunities in violation of both the equal protection clause and the Louisiana Constitution. The Court is inclined to agree with the defendants. The complaint is devoid of any factual allegations that would suggest that the plaintiffs were subjected to disparate treatment and/or disparate impact. Furthermore, there are no allegations that could lead to a plausible inference of any discrimination on any constitutionally protected grounds. Thus, the Court will dismiss any equal protection claims.

3

*Failure to Supervise and Train*

Defendants argue that plaintiffs have not stated a viable claim against DPS&C and Edmonson for failure to supervise and train. A supervisor may be held liable under Section 1983 for failure to supervise or train if the plaintiff shows that "(1) the [official] failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003) (quotations and citation omitted). "[P]roof of deliberate indifference[] generally requires a showing of more than a single instance of the lack of training or supervision causing a violation of constitutional rights." *Id.* (quotations and citation omitted). A plaintiff must show that there was "at least a pattern of similar violations arising from training that is so clearly inadequate as to be obviously likely to result in a constitutional violation." *Id.* (quotations and citation omitted).

However, the United States Court of Appeals for the Fifth Circuit has recognized that a plaintiff may prevail on a deliberate indifference claim via the "single-incident exception." This exception only applies, however, "where the facts giving rise to the violation are such that it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train." *Id.* at 373. Here, the Court finds that there are no factual allegations to support a claim for failure to train under either theory because the plaintiffs have not alleged a pattern of similar violations, nor have the plaintiffs alleged that the facts giving rise to the violation are the type that should have been apparent to DPS&C and Edmonson that a constitutional violation was highly likely. Thus, the Court will dismiss the failure to train and supervise claims.

*Supervisor Liability*

Defendants assert that the plaintiffs have failed to state a supervisor liability claim against both DPS&C and Edmonson. It is well-established that under Section 1983, supervisors are not liable for the actions of subordinates on a theory of *respondeat superior*. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). However, a supervisor may be liable if there is either "(1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* at 304. Here, there are no factual allegations to support a plausible inference that DPS&C and/or Edmonson were personally involved or that there was a causal connection between their conduct and the constitutional violation. Thus, the Court will dismiss all claims against DPS&C and Edmonson.

As a final matter, the Court notes that the plaintiffs' opposition fails to address any of the defendants' arguments and instead, lectures the Court on the standards to be applied when reviewing a 12(b)(6) motion. The plaintiffs also argue that the Court should grant plaintiffs leave to amend if the Court deems that the complaint insufficient. However, the Court will not entertain a blanket request to amend the complaint in the absence of showing some evidence that an amendment would not be futile.

Accordingly, the defendants' partial motion to dismiss is GRANTED (Doc. 3) and all claims asserted against DPS&C and Colonel Edmonson are hereby dismissed. The plaintiff's motion for oral argument (Doc. 12) is DENIED.

Signed in Baton Rouge, Louisiana on July 24th, 2013.

_____

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**